1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                        * * *
                                           )
9    STELLA CHINYELU OKOLI; UZOMA          )
     EZEOKE,                               )
10                                         )              2:10-CV-00515-LRH-RJJ
                        Plaintiffs,        )
11                                         )
      v.                                   )              ORDER
12                                         )
     JANET NAPOLITANO, et al.,             )
13                                         )
                        Defendants.        )
14   _____ )

15          Before the court is Defendants' Motion to Dismiss (#24[1]).  Plaintiffs filed an opposition

16   (#27), and Defendants filed a reply (#29).  Defendants also filed a motion for extension of time to

17   file their reply (#28), which will be granted nunc pro tunc.

18   **I.      Fact and Procedural History**

19          This is an immigration case brought by a mother and daughter concerning the mother's

20   inability to obtain a United States immigrant visa.  Stella Chinyelu Okoli ("Okoli") is a native of

21   Nigeria and a citizen of Nigeria and the United Kingdom.  Her daughter, Uzoma Ezeoke

22   ("Ezeoke"), is a United States citizen residing in Nevada.

23          On October 13, 2001, Okoli sought entry into the United States at John F. Kennedy

24   International Airport under the Visa Waiver Program ("VWP").  She was denied entry and ordered

25   _____

26          [1]Refers to court's docket entry number.

to depart the United States after an inspector with the Immigration and Naturalization Service ("INS") found her inadmissible for alien smuggling under Section 212(a)(6)(E) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(E). Okoli alleges she was falsely designated an alien smuggler and summarily removed without any judicial or administrative proceeding to ascertain the truth of the allegation.

Years later, her daughter, Ms. Ezeoke, filed an I-130 Petition for Alien Relative on Okoli's behalf. The United States Customs and Immigration Service ("USCIS") approved the petition on or about June 30, 2009, and transferred it to the National Visa Center for processing. Okoli applied for an immigrant visa based on the approved I-130 and was interviewed at the United States Embassy in Lagos, Nigeria, on or about August 10, 2009. The same day, the consular officer denied Okoli's visa application on the basis that Okoli had been found inadmissible under 8 U.S.C. § 1182(a)(6)(E) for alien smuggling in 2001.

On April 13, 2010, Okoli and Ezeoke filed the underlying complaint, styled as a "Petition for Writ of Mandamus and Complaint for Declaratory, Injunctive, and Due Process Relief." Doc. #1. Plaintiffs allege that Okoli qualifies as an immediate relative of Ezeoke, a U.S. citizen, for purposes of INA § 201(b)(2)(A)(i), that she is admissible to the United States as a lawful permanent resident, and that an immigrant visa was and would be immediately available upon her application. The complaint sets forth four causes of action for (1) violation of the INA, in that Plaintiffs have been deprived of the opportunity to obtain an immigrant visa as a lawful permanent resident; (2) injunctive relief under the Administrative Procedures Act (APA), 5 U.S.C. §§ 701 *et seq.*, based upon Defendants' alleged erroneous interpretation of the term "alien smuggler" in INA § 212(a)(6) and the denial of Okoli's immigrant visa application; (3) a duty to adjudicate Okoli's visa application on the basis that she remains an "immediate relative" of a U.S. citizen; and (4) violation of Ezeoke's procedural and substantive due process rights under the Fifth Amendment through the denial of Okoli's application for an immigrant visa based on the designation of Okoli

2

as an alien smuggler in 2001 without factual or legal basis or right of appeal.  *See* Doc. #1, pp. 6-7.
Plaintiffs pray for the following forms of relief: (1) a declaration that Ezeoke filed the necessary I-130 Petition and that Okoli was not stripped of her status as the mother of a U.S. citizen; (2) a declaration that Okoli must be considered an immediate relative in the processing of a properly filed visa application; (3) an injunction prohibiting the government from using Okoli's 2001 alien smuggler designation as a basis for denying a future visa application, until the charge can be proven; (4) an injunction prohibiting the government from using the denial of Okoli's prior visa application as a basis for denying a future visa application; and (5) a writ of mandamus compelling the government to treat Okoli as an immediate relative of a U.S. citizen, to adjudicate her visa application, and to direct the Secretary of State to issue her an immigrant visa.  *Id.* at 7-8.

On October 15, 2010, Defendants filed the instant motion to dismiss.  Doc. #24. Defendants argue that Okoli's immediate relative status is an improper basis for relief because that status was never changed, it is uncontested, and her visa application was not denied on that basis. *Id.* at 6-7.  On the contested issues, Defendants argue this court lacks subject-matter jurisdiction to review either Okoli's removal in 2001 or the consulate's denial of Okoli's visa application in 2009. *Id.* at 1.  Defendants also move to dismiss the USCIS defendants, Emilio T. Gonzalez and Lola Parocua, as improperly named parties because neither found her inadmissible or denied her visa application.  *Id.* at 28.  Defendants further offer to substitute the U.S. Bureau of Customs and Border Protection ("CBP") if necessary to grant complete relief to Plaintiffs.  *Id.* at 28 n.15.

In response, Plaintiffs deny claiming that Defendants have changed or attempted to change Okoli's immediate relative status, deny challenging her removal in 2001, and deny challenging the denial of her visa application in 2009.  Doc. #27, p. 2.  Instead, Plaintiffs define their claim as challenging the government's action in maintaining in its records the designation of Okoli as an "alien smuggler" which, unless removed, will prevent Okoli from being able to obtain an immigrant visa on re-application.  *Id.* at 2-3.  Plaintiffs do not contest dismissing the USCIS

3

1  defendants provided that the inclusion of the remaining defendants is sufficient to grant appropriate

2  relief, if warranted.  *Id.* at 6.

3  **II.    Discussion**

4      **A.  Subject-Matter Jurisdiction**

5      Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*,

6  437 U.S. 365, 374 (1978).  "A federal court is presumed to lack jurisdiction in a particular case

7  unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes of the Colville*

8  *Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

9      Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a claim for lack

10  of subject-matter jurisdiction.  Although the defendant is the moving party in a motion to dismiss,

11  the plaintiff is the party invoking the court's jurisdiction.  The plaintiff therefore bears the burden

12  of proving that the case is properly in federal court.  *McCauley v. Ford Motor Co.*, 264 F.3d 952,

13  957 (9th Cir. 2001).

14      Here, Plaintiffs have disclaimed any challenge to Okoli's 2001 removal or to the 2009

15  denial of her visa application.  Instead, they purport to challenge only the maintenance in Okoli's

16  immigration file of the allegedly-erroneous designation of Okoli as an alien smuggler, and they

17  argue this court has federal question jurisdiction to adjudicate such a challenge.  As Defendants

18  argue in reply, however, Plaintiff's challenge to the alien smuggler designation in Okoli's

19  immigration file is inextricably intertwined with 2001 incident where Okoli was denied entry under

20  the VWP based on the INS's finding that she was inadmissible for alien smuggling under 8 U.S.C.

21  § 1182(a)(6)(E).  Thus, a challenge to the alien smuggler designation in Okoli's file is necessarily a

22  challenge to the 2001 inadmissibility finding, over which this court lacks jurisdiction.  *See* 8 U.S.C.

23  § 1187(b)(1) (providing that an alien applying under the VWP must waive "any right . . . to review

24  or appeal under this chapter of an immigration officer's determination as to the inadmissibility of

25  the alien at the port of entry"); *id.* § 1187(g) (eliminating judicial review and jurisdiction over any

26

4

claim attacking the validity of a denial of waiver based on a ground of inadmissibility); *Itaeva v. INS*, 314 F.3d 1238, 1241 (10th Cir. 2003).

Plaintiffs do not address § 1187 in their opposition.  Instead, Plaintiffs argue that this court has jurisdiction to review a claim that an immigration file contains erroneous information, citing *Bustamante v. Mukasey*, 531 F.3d 1059 (9th Cir. 2008).  That is not what *Bustamante* held, however.  *Bustamante* involved a narrow exception to the doctrine of consular non-reviewability, holding that courts may undertake a limited judicial inquiry of a consular official's denial of a visa application where a U.S. citizen relative's constitutional rights are implicated.  *Id.* at 1062 (citing *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972)).  The court held that its inquiry was limited to determining whether the reason given for the denial is facially legitimate and bona fide and did not extend to whether the reason was correct.  *Id.* at 1062-63.  Here, Plaintiffs have disclaimed any challenge to the consular officer's denial of Okoli's visa application in 2009, taking this case outside *Bustamante*.[2]

Plaintiffs also argue that jurisdiction exists because the presence of the alien smuggler designation in Okoli's file will continue to deny them reunification, making the controversy not moot as a "recurring controversy" or "capable of repetition, yet evading review."  Doc. #27, pp. 4-5.  That the controversy is not moot does not establish that this court may exercise subject-matter jurisdiction over that controversy, however.  Because Plaintiffs fail to establish any basis upon which subject-matter jurisdiction may be found, the action must be dismissed in its entirety.

**B.  Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once "as a matter of course" before a responsive pleading is served.  Fed. R. Civ. P. 15(a).

---

[2]Even if the exception were applicable to Plaintiffs' due process challenge to the 2001 inadmissibility finding notwithstanding the restrictions on judicial review in § 1187(b)(1) and (g), the claim would fail because the reason given (alien smuggling under § 1182(a)(6)(E)) is facially legitimate and Plaintiffs do not allege bad faith.  *See Bustamante*, 531 F.3d at 1062-63.

1  If a responsive pleading has been filed, "a party may amend its pleading only with the opposing

2  party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Leave to amend shall be

3  freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Jones v. Bates*, 127 F.3d 839, 847

4  n.8 (9th Cir. 1997); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987).

5       "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15 –

6  to facilitate a decision on the merits rather than on the pleadings or technicalities.'"  *DCD*

7  *Programs*, 833 F.2d at 186 (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

8  Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality"

9  insofar as the motion to amend is not sought in bad faith, does not cause undue delay, does not

10  cause the opposing party undue prejudice, and does not constitute an exercise in futility.  *Id.*  The

11  party opposing the amendment bears the burden of showing prejudice.  *Id.* at 187.

12       Here, Plaintiffs seek leave to amend merely "to more fully set forth" the claim that they

13  have already set forth and clarified in their opposition papers.  Doc. #27, p. 6.  Because this court

14  lacks subject-matter jurisdiction to consider that claim, such amendment would be futile.  Leave to

15  amend will therefore be denied.

16       IT IS THEREFORE ORDERED that Defendant's motion to extend time to file a reply

17  (#28) is GRANTED nunc pro tunc.

18       IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#24) is GRANTED.

19       IT IS FURTHER ORDERED that Plaintiffs' request for leave to amend is DENIED.

20       IT IS SO ORDERED.

21       DATED this 10th day of May, 2011.

22

23

24       _____

25       LARRY R. HICKS
         UNITED STATES DISTRICT JUDGE

26